1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| **DELTA SMELT CONSOLIDATED CASES** | **1:09-cv-00407 OWW DLB** |

11

| | |
|---|---|
| **SAN LUIS & DELTA-MENDOTA WATER AUTHORITY,** *et al.* **v. SALAZAR,** *et al.* **(1:09-cv-00407 OWW DLB)** | **1:09-cv-00480-OWW-GSA 1:09-cv-00422-OWW-GSA 1:09-cv-00631-OWW-DLB 1:09-cv-00892-OWW-DLB** |

12
13
14

| |
|---|
| **STATE WATER CONTRACTORS v. SALAZAR,** *et al.* **(1:09-cv-00480-OWW-GSA)** |

**PARTIALLY CONSOLIDATED WITH: 1:09-CV-01201-OWW-DLB**

15
16

| |
|---|
| **COALITION FOR A SUSTAINABLE DELTA,** *et al.* **v. UNITED STATES FISH AND WILDLIFE SERVICE,** *et al.* **(1:09-cv-00422-OWW-GSA)** |

**FINAL JUDGMENT**

17
18
19

| |
|---|
| **METROPOLITAN WATER DISTRICT  v. UNITED STATES FISH AND WILDLIFE SERVICE,** *et al.* **(1:09-cv-00631-OWW-DLB)** |

20
21

| |
|---|
| **STEWART & JASPER ORCHARDS** *et al.* **v. UNITED STATES FISH AND WILDLIFE SERVICE (1:09-cv-00892-OWW-DLB)** |

22
23

| |
|---|
| **FAMILY FARM ALLIANCE v. SALAZAR,** *et al.* **(1:09-CV-01201-OWW-DLB)** |

24
25
26
27
28

In accordance with (1) the Court's November 13, 2009 Memorandum Decision (Doc. 399) and related Order dated December 2, 2009 and filed December 9, 2009 (Doc. 457) granting in part the motion for summary judgment of Plaintiffs San Luis & Delta-Mendota Water Authority and Westlands Water District ("San Luis Plaintiffs"), State Water Contractors ("SWC") and Metropolitan Water District of Southern California ("MWD") on their claims against the United

1 States Bureau of Reclamation ("Reclamation") and Secretary of the Interior, Kenneth Lee

2 Salazar, that Reclamation violated the National Environmental Policy Act ("NEPA") by failing to

3 perform any NEPA analysis prior to provisionally adopting and implementing the December 15,

4 2008 biological opinion issued by the United States Fish and Wildlife Service ("USFWS")

5 regarding the effects of the proposed operations of the federal Central Valley Project ("CVP")

6 and the State Water Project ("SWP") on the delta smelt and its critical habitat (the "BiOp"); and

7 (2) the Court's December 14, 2010 Memorandum Decision (Doc. 757) and December 27, 2010

8 Amended Order (Doc. 763) on the motions and cross-motions for summary judgment brought by:

9 (a) San Luis Plaintiffs, SWC, MWD, Coalition for a Sustainable Delta, Kern County Water

10 Agency, Stewart & Jasper Orchards, Arroyo Farms, LLC, King Pistachio Grove, and Family

11 Farm Alliance; (b) plaintiff-in-intervention the California Department of Water Resources

12 ("DWR"); (c) USFWS and Reclamation; and (d) Defendant-Intervenors Natural Resources

13 Defense Council and the Bay Institute,

14      All claims of all parties have been decided. IT IS ORDERED that:

15      (A)    Judgment is entered in favor of San Luis Plaintiffs on their Sixth Claim for Relief

16 (Doc. 292, ¶ 114) that Reclamation violated NEPA, as set forth in the Court's December 2, 2009

17 Order;

18      (B)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on

19 Plaintiffs' claims that USFWS violated NEPA;

20      (C)    Judgment is entered in favor of San Luis Plaintiffs on their First and Third Claims

21 for Relief (Doc. 292); State Water Contractors on their First, Second and Third Claims for Relief

22 (Doc. 1 in 1:09-cv-422 OWW GSA); Metropolitan Water District of Southern California on its

23 First through Fourth Causes of Action (Doc. 32 in 1:09-cv-631 OWW DLB); Coalition for a

24 Sustainable Delta and Kern County Water Agency on their First, Second, Fourth, and Fifth

25 Claims for Relief (Doc. 23 in 1:09-cv-480 OWW GSA); Stewart & Jasper Orchards, Arroyo

26 Farms, LLC, and King Pistachio Grove on their First, Second, and Fourth Claims for Relief (Doc.

27 1 in 1:09-cv-892 OWW DLB); and DWR on its First, Fourth, and Fifth Causes of Action (Doc.

28 426 in lead case 1:09-cv-407 OWW DLB); in part, on their claims that the BiOp violates the ESA

1    and the Administrative Procedure Act ("APA"), and in part in favor of Federal Defendants and

2    Defendant-Intervenors, as set forth in the Court's December 14, 2010 Memorandum Decision and

3    December 27, 2010 Amended Order.  Judgment is entered in favor of Federal Defendants and

4    Defendant-Intervenors on all other claims regarding ESA and APA compliance;

5          (D)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on

6    Plaintiffs' claims that Reclamation violated the ESA;

7          (E)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on

8    Stewart & Jasper's claims that the BiOp failed to consider the economic impacts of promulgating

9    the reasonable and prudent measures and that USFWS illegally arrogated authority to itself over

10   Reclamation and DWR;

11         (F)    Judgment is entered in favor of Federal Defendants and Defendant-Intervenors on

12   Family Farm Alliance's Information Quality Act claims;

13         (G)    USFWS' BiOp and Reasonable and Prudent Alternative ("RPA") and

14   Reclamation's December 2008 Provisional Acceptance of the RPA are hereby REMANDED

15   WITHOUT VACATUR with the following instructions:

16              1.   USFWS shall complete by October 1, 2011 a new delta smelt Biological

17                   Opinion consistent with the Court's December 14, 2010 Memorandum

18                   Opinion, with the exception of making express written findings in either the

19                   BiOp or the Administrative Record as to the first three factors of the four-part

20                   regulatory definition of an RPA in 50 C.F.R. § 402.02, which shall be

21                   completed by November 30, 2011.

22              2.   Reclamation shall complete review of the RPA in accordance with NEPA by

23                   December 15, 2011.

24         (H)    This Final Judgment incorporates by reference the Stipulation and Order for

25                   Interim Remedy Through June 30, 2011, entered by the Court on February 25,

26                   2011 (Doc. 842);

27         (I)    The Court expressly retains jurisdiction during the period of remand, to the extent

28

1    permitted by law[1];

2    (J)    The parties shall meet and confer regarding any request by Plaintiffs, or any of

3    them, and/or DWR for recovery of attorneys' fees and/or costs.  Any motion for

4    recovery of attorneys' fees and/or costs shall be filed on or before July 1, 2011.

5

6    SO ORDERED
     Dated:  March 28, 2011

7

8                                                    /s/ Oliver W. Wanger
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [1] Federal Defendants and Defendant Intervenors have expressed intent to appeal the district court's previous rulings
      in this case and question whether it is appropriate for the Court to retain jurisdiction during the pendency of an
      appeal.  "The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court

26    of its control over those aspects of the case involved in the appeal."  *Small v. Operative Plasterers' and Cement
      Masons' Int'l. Assn. Local 200 AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010).  "The district court only 'retains

27    jurisdiction during the pendency of an appeal to act to preserve the status quo.'"  *Id*. (citing *Natural Res. Def. Council,
      Inc. v. Sw. Marine, Inc*., 242 F.3d 1163, 1166 (9th Cir.2001)).  The Court will address the issue of jurisdiction if and

28    when any request is made during the pendency of an appeal.

                                                     -4-